UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Vallin Bridges,

        Plaintiff,                       Case No. 24-cv-11941
                                                Honorable F. Kay Behm

v.

Brian Shipman, et al.,

        Defendants.

_____/

**OPINION AND ORDER DENYING APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF THE FILING FEE
AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

This matter is before the Court on Plaintiff Antonio Vallin Bridges' complaint filed under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, also filed an application to proceed without prepayment of the filing fee. (ECF No. 2.) Upon review of Plaintiff's complaint and his litigation history in the federal courts, the Court concludes that Plaintiff may not proceed without prepayment of fees and dismisses the complaint without prejudice in accordance with 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). *See also In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). Section 1915 provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *See Bruce v. Samuels*, 577 U.S. 82, 85-86 (2016). Under the PLRA, a prisoner may not

proceed *in forma pauperis* where, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999).

Federal court records show that at least three of Plaintiff's prior civil rights complaints have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Bridges v. Barnes,* No. 2:23-CV-11772, 2023 WL 8602271 (E.D. Mich. Dec. 12, 2023); *Bridges v. Mental Health Officers*, No. 21-12366, 2021 WL 5795337 (E.D. Mich. Dec. 7, 2021); *Bridges v. Michigan Parole Bd. Members*, No. 1:20-CV-1138, 2020 WL 7021563 (W.D. Mich. Nov. 30, 2020); *Bridges v. Rubitschun*, No. 1:05-CV-624, 2005 WL 2656617 (W.D. Mich. Oct. 18, 2005)

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception, "the prisoner must plausibly allege such a danger." *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). The danger must be "'real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" *Vandiver*, 727 F.3d at 585 (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

Plaintiff claims that Defendants violated his due process rights by labeling him a sex offender, requiring him to complete a sex offender program before he may be granted parole, and incorrectly scoring a risk assessment tool based on a sex offender designation.

–

These claims concern his parole eligibility. Neither these claims nor anything else within the complaint or motion to amend suggests that Plaintiff was in imminent danger of serious physical injury when he filed this action. He therefore fails to allege any facts to fulfill the exception to the three-strikes rule.

Accordingly, the Court **DENIES** the application to proceed without prepayment of fees or costs (ECF No. 2) and **DISMISSES** the complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($55.00).

Plaintiff's motion to amend (ECF No. 5), motion to reject and object to the mediation program (ECF No. 8), and motion for preliminary injunction (ECF No. 9) are **DENIED AS MOOT**.

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Date: October 1, 2024

s/F. Kay Behm<br>
F. Kay Behm<br>
United States District Judge

3